JOHN HOGUE v. WILLIAM H. OGLE ET AL.

FILED APRIL 21, 1897.   No. 7127.

1. **Judgments:** CORRECTION OF JOURNAL ENTRY. Evidence examined,
   and *held* insufficient to sustain a motion filed under subdivision 3
   of section 602 of the Code of Civil Procedure to correct the record
   entry of a judgment "for mistake, neglect, or omission of the
   clerk, or irregularity in obtaining a judgment or order."

2. **Review:** LACHES. A judgment cannot be reviewed which was ren-
   dered more than one year prior to the commencement of proceed-
   ings in error in this court.

ERROR from the district court of Sherman county.
Tried below before HOLCOMB, J.  *Affirmed.*

*Edmund C. Lane*, for plaintiff in error.

*Nightingale Bros.* and *J. R. Scott, contra.*

NORVAL, J.

On the 6th day of December, 1892, William H. Ogle recovered a money judgment in the district court of Sherman county against the Sherman County Banking Company, John Hogue and others, stockholders in said corporation. The journal entry of the judgment states that, after the impaneling of the jury the parties, by their attorneys, stipulated in open court that the jury should be discharged and. that "the cause was submitted to the court, upon the stipulation there and then made by the parties in open court, on consideration whereof the court found the issues joined in favor of the plaintiff," etc. On February 8, 1894, one of the defendants, John Hogue, filed a motion to correct the said journal entry of December 6th so as to disclose that the stipulation upon which the judgment was rendered was made between the attorneys for the plaintiff and attorney J. R. Scott, and not by the parties themselves, and also to show that the stipulation was for a judgment against the Sherman County Banking Company alone. From an order overruling this motion said Hogue prosecutes proceedings in error.

There was read upon the hearing of the motion the affidavit of the defendant Hogue, stating "that he did not consent in person or by attorney to having any judgment rendered against him in the cause, by stipulation or otherwise, during the December term of court, 1892, or at any other time, and had no knowledge of such a stipulation during said term of court." This was wholly insufficient to impeach the truthfulness of the record entry of the judgment. It may be true that Mr. Hogue did ˙not by himself, or a duly authorized attorney, stipulate or consent to the rendition of the judgment against him, yet, for aught that appears, he or his attorney may have stipulated in open court as to the facts, which justified the court in rendering the judgment complained of. The journal entry contains no finding or recitation to the effect that anyone consented or stipulated to the entry of

the judgment; hence the defendant is not entitled to have the judgment corrected under subdivision 3 of section 602 of the Code of Civil Procedure, "for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order."

It is contended that the stipulation must be construed as a confession of judgment, and that no warrant of attorney was presented to the court and placed on file prior to the time the judgment was rendered as required by statute. There is more than one answer to the argument. First, the stipulation is not before us; therefore we are unable to say whether it amounted to a confession of judgment or not. In the next place, we cannot review the original judgment, since it was rendered more than one year prior to filing of the petition in error in this court. (*Campbell v. Farmers & Merchants Bank*, 49 Neb., 143; *Omaha Loan & Trust Co. v. Knight*, 50 Neb., 343; *Renard v. Thomas*, 50 Neb., 398.) The order assailed is

AFFIRMED.